UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| GREGORY RICARDO CHAPA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:21-cv-00022-DLB-MAS |
| ) | |
| KENTON COUNTY JUDGE ) | |
| EXECUTIVE, et al., ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION AND ORDER**

Plaintiff Gregory Chapa ("Chapa") moves to amend his Complaint against several public officials of Kenton County, Kentucky in this *pro se* action alleging violation of his Eighth and Fourteenth Amendment rights during his incarceration at the Kenton County Detention Center. [DE 19]. He also moves to appoint counsel and to require the Clerk of Court to provide him with docketed copies of pleadings in this matter. [DE 23, 30]. The District Judge has referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b) to conduct all pretrial proceedings, including preparing proposed findings of fact and conclusions of law on any dispositive motions and handling non-dispositive pretrial matters. [DE 16].

For the reasons that follow, the Court recommends denying in part and granting in part Chapa's motion to amend the Complaint [DE 19]. The Court recommends permitting Chapa to add Kenton County Jailer Terry Carl ("Jailer Carl") but denying Chapa's request to add the numerous Kenton County Fiscal Court board members and administrators as futile under Rule 15. Given the proposed dispositive relief (that would effectively terminate the individual claims against the Kenton County Fiscal Court board), the Court proceeds via Report and

1

Recommendation as to this portion of the resolution out of an abundance of caution. The Court denies outright, however, Chapa's motion for copies and his motion to appoint counsel in this matter, as both are non-dispositive pretrial matters pursuant to § 636(b)(1)(A).

Upon resolution of the Report & Recommendation as to the DE 19 motion to amend the Complaint and finalization of the Defendant roster, the Court will set an efficient discovery schedule to develop and resolve the remaining issues and claims in this matter.

## I.   RELEVANT BACKGROUND

Plaintiff originally initiated this action in the Kenton Circuit Court; it has since been removed given the underlying federal constitutional claims. [DE 1 (Notice of Removal)]. Chapa names the following Defendants, both individually and officially where applicable: the Kenton County Judge Executive, the Kenton County Jailer, the Kenton County Detention Center ("KCDC"), the Kenton County Fiscal Court board members, and Southern Health Partners ("SHP" – the jail's contracted medical provider). [DE 1 at Page ID # 8-48 (Complaint)]. Judge Bunning previously dismissed SHP from this action. [DE 16]. In the Complaint, Chapa generally asserts that the KCDC (through its many officials and contracted SHP) failed to take sufficient COVID-19 precautions at the facility, rationed supplies including toilet paper, and limited hot meals, in violation of his Eighth and Fourteenth Amendments, broadly. Chapa seeks both money damages and injunctive relief (that may, per the record, indeed be moot).[1]

Chapa now seeks to amend the Complaint to specifically name Jailer Carl and the following Kenton County Fiscal Court board members and administrators: Commissioners Beth Sewell, Jon

---

[1] Chapa does not clearly allege any concrete harm arising out of the incidents described in the Complaint. Mindful of the leniency accorded *pro se* pleadings, and at this stage of the case, the Court generously reads the Complaint as implicitly averring medical harm (via exposure to COVID-19, etc.) and potential emotional damages.

2

Draud, and Joe Nienaber, County Administrator Joe Shriver, Assistant County Administrator Stacy Tapke, Fiscal Court Clerk Sue Kaiser, and Treasurer Roy Cox. [DE 19]. He does not add any facts or Defendant-specific allegations; rather, the motion merely identifies the individuals otherwise referenced in the original Complaint. The Kenton County Judge Executive has opposed the motion. [DE 20]. Additionally, as noted, Chapa asks the Court to provide him with copies and with counsel; the Court here denies the latter requests as a matter of non-dispositive pretrial docket management.

## II.   LEGAL FRAMEWORK

Several related, and ultimately functionally similar, statutory devices are at play in this prisoner rights case. The Court briefly outlines the relevant interplay for context. First, Rule 15(a) provides that—absent circumstances inapplicable here—litigants must request leave to amend a complaint, but that leave should be freely given in the interests of justice. Fed. R. Civ. P. (a)(2). Courts properly employ a liberal amendment policy, consistent with the spirit of the Rules. *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962). And, the Court views the pleading sufficiency and amendment request through a particularly Plaintiff-favorable lens given Chapa's *pro se* status.

However, both the liberal amendment policy and the leniency accorded *pro se* pleadings have limits. For instance, though the *drafting* of *pro se* pleadings is held to a less stringent standard than counseled pleadings, the claims and substantive relief requests are not subject to diminished substantive legal standards. *See Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983). Application of the governing law to the claims, as pleaded and leniently construed, remains the same, and *pro se* plaintiffs must demonstrate entitlement to the relief sought under the law and relevant procedural rules.

3

Likewise, Rule 15 amendment is not always warranted. Amendment of a complaint is not appropriate when the amendment would be futile because the pleading as amended could not survive a motion to dismiss. *See Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003). In assessing possible futility, the typical Rule 12(b)(6) standard applies to the hypothetical dismissal question. *See, e.g.*, *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). Under Rule 12, a pleading is deficient if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Relatedly, in the prisoner context, this substantively mirrors the lens otherwise applied to these civil rights cases under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e). *See, e.g.*, *Pitchford v. Metro Nashville Police Dep't*, No. 3:19-CV-00256, 2021 WL 2474461, at *1 (M.D. Tenn. June 17, 2021) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999)). The PLRA requires courts to review prisoner complaints and to dismiss portions of them that fail to state a claim per the Rule 12(b)(6) standard—this would require the Court to review Chapa's Complaint as amended, if permitted, to determine whether it satisfies this standard. This is true even in removal situations, as here, where the removing party covers the filing fee. *See, e.g.*, *Malone v. Corr. Corp. of Am.*, No. 3:13-CV-1212, 2013 WL 6498067, at *1 (M.D. Tenn. Dec. 11, 2013).

All of these authorities, collectively, require the Court to review the substance of the purported amendment at this stage under the Rule 15 and 12(b)(6) / PLRA mechanics to determine whether the proposed additions state claims. To state a claim under Rule 12, a complaint must plead facts sufficient to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is sufficiently plausible where it pleads facts that

"allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Within this Rule-based and statutory framework, the Court evaluates Chapa's amendment request per the applicable substantive constitutional law.

### III.   ANALYSIS

The Court confronts two central questions: whether to permit Chapa to amend the Complaint to specifically name Jailer Carl (already named by position in his official capacity in the original Complaint), and whether to permit him to add the various Fiscal Court board members, both individually and in their official capacities, as confirmed by the original Complaint's broad naming of the board as a whole. The Court here recommends that the District Judge allow Chapa to add Jailer Carl individually to the suit but that he deny Chapa's request to add the individual board members. And to the extent Chapa's amendment request may name Fiscal Court board members not originally included in the Complaint in their official capacities, such official-capacity suits against the members are functionally against the municipality, regardless, and the County is already involved in this suit through others. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

To state a claim against individual, supervisory public officers for violation of an inmate's constitutional rights in this context (*i.e.*, via the functional 42 U.S.C. § 1983 vehicle Chapa implicitly engages), a plaintiff must demonstrate that the official actively engaged in unconstitutional behavior underlying the Plaintiff's claims. *See, e.g.*, Murphy v. Grenier, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."). As noted, as to Jailer Carl, liberally construing the *pro se* Complaint, the factual allegations can be fairly read to aver that Carl, as KCDC top leadership, had a personal hand in contracting with now-dismissed SHP to offer constitutionally deficient medical care to Chapa, in

5

violation of his Eighth Amendment rights. Given the paucity of the factual allegations concerning Jailer Carl overall, much development will be needed for Chapa to succeed on such claim, but the Court recommends permitting amendment given the liberal, pro-amendment standard of Rule 15 and Chapa's *pro se* status.

However, no construction of Chapa's pleading can marshal facts in support of the purported claims against the individual Fiscal Court board members Chapa cites. He names people indiscriminately without linking them to any facts, and the Complaint itself contains absolutely no clarification about the Fiscal Court's role beyond its implied position overseeing the KCDC. This wholly fails to satisfy the prevailing pleading standards for § 1983 supervisory claims, requiring at least facial, minimal reference to personal involvement of the individuals. Chapa does not even specifically reference the board as a whole in terms of its role in the events, much less the individual board members and their actions. The Complaint thus cannot plausibly be read to state claims against the individual board members. Because it would not survive a motion to dismiss under Rule 12(b)(6) *and* it would likely require dismissal on renewed screening under the PLRA, regardless, the Court recommends that the District Judge find that the amendment naming the individual board members be denied as futile under Rule 15.[2]

---

[2] At least one court reached a similar conclusion under similar facts:

> The Court's duty to construe a pro se complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim. *Sweikiewicz v. Sorema*, 534 U.S. 506, 514 (2002). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir.1996). To state a claim for relief under § 1983, the plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). Supervisory responsibility alone fails to state a claim of relief under § 1983. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694 (1978); *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Lastly, the Court will deny Chapa's request for a standing order requiring the Clerk to provide with docket and filing confirmation copies, as he cites no authority for the Clerk's obligation to do so. The Court will likewise deny Chapa's request for appointment of counsel in this matter. Appointed counsel is not guaranteed in civil § 1983 matters; rather, counsel is appropriate only in unusual circumstances. *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004). The Court perceives no extraordinary circumstances in this case, such as exceptionally complex issues or procedures, and Chapa cites none. He thus has not demonstrated entitlement to counsel in this civil proceeding.

## IV.    CONCLUSION

For all of these reasons, the Court **RESOLVES** the discussed issues and motions as follows:

1. The Court **RECOMMENDS** that the District Judge **GRANT in part** and **DENY in part** Plaintiff's Motion to Amend the Complaint [DE 19], granting it insofar as it seeks addition of Jailer Carl individually but denying it insofar as it seeks addition of the named individual Kenton County Fiscal Court board members; and

2. As a matter of non-dispositive pretrial management, the Court **DENIES** both Chapa's Motion for Copies [DE 23] and his Motion to Appoint Counsel [DE 30].

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning the recommendation portion of this opinion, issued under subsection (B) of the statute. As defined by § 636(b)(1), Fed. R. Civ. P. 72(b) and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. The Clerk **SHALL** serve a copy of this

---

*Patterson v. Campbell*, No. CIV.A. 305CV443-S, 2006 WL 517607, at *3 (W.D. Ky. Feb. 28, 2006).

Recommendation and Order on Chapa. Upon resolution of the Recommendation portion, the Court will direct the parties to proceed with discovery as to whatever issues / parties remain.

Entered this the 28th day of January, 2022.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge

8